IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GARY REDNOUR,

            Petitioner,    :    Case No. 3:14-cv-273

    - vs -                               District Judge Walter Herbert Rice
                                                    Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                                                :

            Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (Doc. No. 5) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 3). Judge Rice has recommitted the case for reconsideration in light of the Objections (Doc. No. 6).

**Ground One: Violation of *Miranda v. Arizona***

Petitioner was convicted in part on the basis of admissions he made during police interrogation on August 30, 2010. In his First Ground for Relief he asserts allowing those admissions in evidence violated his Fifth Amendment privilege against compelled self-incrimination. The trial court overruled a motion to suppress those admissions and the Second District Court of Appeals affirmed. *State v. Rednour,* 2013-Ohio-2125, 2013 Ohio App LEXIS 2026, ¶¶ 33-42 (2nd Dist. May 24, 2013)(quoted in the Report, Doc. No. 3, PageID 12-15).

1

The interrogation in question was videotaped and both state courts viewed the tape in its entirety.  Having done so, they found as a matter of fact that, up to the 52-minute mark on the tape, Rednour had not unambiguously invoked his right to remain silent.  The Second District relied in part on the fact that, although Rednour said he wanted to remain silent, he did not in fact stop speaking, but continued to try to convince the interrogators of his innocence.

Under *Miranda v. Arizona*, 384 U.S. 436 (1966), as further interpreted by the Supreme Court in *Davis v. United States*, 512 U.S. 452 (1994), the key factual question is whether a suspect's invocation of his right to remain silent was unequivocal or unambiguous.  A state court's application of those decisions must be upheld unless it is objectively unreasonable.  28 U.S.C. § 2254(d)(1).  In this case is it not a question of who the state court judges believed about what happened based on oral testimony of the defendant and the interrogators.  Rather, the interrogators recorded the interview and left it up to the state court judges, all of whom viewed the recording, to say whether invocation of rights was unambiguous.  Since they actually saw what happened, this Court must defer to their determination that Rednour's invocation of rights was not unambiguous.  Therefore the First Ground for Relief should be dismissed.

**Ground Two:  Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Rednour claims he received ineffective assistance of trial counsel when his attorney failed to effectively challenge the State's time-line of events surrounding the murder.  In rejecting this claim, the Second District Court of Appeals applied the controlling Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984).  *State v. Rednour, supra,* at ¶ 65.

Rednour's claim is that his trial attorney was ineffective in (1) failing to point out inconsistencies in the State's evidence as to the timing of events and (2) failing to introduce in evidence the report of Detective Gaier as to his interview with Joseph McLaughlin on March 16, 2010.

Rednour is correct in claiming that the State presented no eyewitnesses to the murder of Kimberly Paradiso (Objections, Doc. No. 5, PageID 46-47). What the State did show was that on March 14, 2010, several children found Ms. Paradiso's deceased body in the backyard of a deserted house at 56 Warder Street in Dayton. *State v. Rednour, supra*, ¶ 7. The coroner was unable to give a precise estimate of time of death, but estimated it, based on rigor mortis, between the late evening hours of March 12, 2010, and the early morning hours of March 13, 2010. Joseph McLaughlin, security guard at the Food Time Market near where the body was found identified Rednour and Ms. Paradiso as having been in that store at least three times on March 12, 2010, the last time at around 6:30 p.m. *Id.* at ¶ 19. Artis Allen, who lived across the street from 35 Neal Avenue where Rednour had been working, also saw Rednour and Paradiso together at 35 Neal sometime between 10:30 p.m. and midnight of March 12, 2010, having seen them together two prior times that day in the neighborhood.

The fact that, as Rednour points out, none of the witnesses who saw him "and Ms. Paradiso together in the days leading up to her death could pinpoint or give exact time of death" (Objections, Doc. No. 5, PageID 46-47), does not show his trial counsel somehow could have done something different to prevent the conviction, based on the "timeline." The conviction cannot be invalidated simply because there were no eyewitnesses.

Rednour also claims Detective Gaier's police report of his interview with McLaughlin was important impeachment evidence and his attorney was ineffective for failing to introduce it

3

as evidence.  However, Rednour has procedurally defaulted on this claim.  The Second District noted that there had never been an attempt at trial to introduce the document and it was not in evidence.  Quite properly, they refused to speculate as to its contents.  *State v. Rednour, supra*, ¶ 68.  Because his claim depended on evidence outside the record – the content of Gaier's report – Rednour could have pursued his claim that his attorney was ineffective for failure to offer it in evidence in a petition for post-conviction relief under Ohio Revised Code § 2953.21, but he did not do so.  As he relates in his Petition, his collateral attack was based on failure to present alibi witnesses at trial (Doc. No. 1, PageID 3).

Because the court of appeals' decision on these two ineffective assistance of trial counsel claims was a reasonable application of Strickland, the Second Ground for Relief should be dismissed with prejudice.

**Ground Three:  Insufficient Evidence**

In his Third Ground for Relief, Rednour asserts he was convicted on insufficient evidence in violation of the Fourteenth Amendment.  The claim was raised as the Fifth Assignment of Error on direct appeal and rejected by the Second District, applying the correct legal standard. *State v. Rednour, supra*, ¶¶ 82-87.  The Report found this conclusion was entitled to deference under 28 U.S.C. § 2254(d)(1), summarizing the evidence as follows:

> The evidence recited by the Second District clearly supports this finding. Rednour was the last person seen with the victim while she was alive and was recognized with her in short walking distance from the place where her body was found. There is no doubt that she was intentionally killed. The only issue is identity and Rednour's DNA was found on her breast. All of this is completely apart from Rednour's confession in jail to another inmate and the inconsistencies in his own statements to the police.

4

(Report, Doc. No. 3, PageID 22.)

Rednour's Objections amount to repeating that there are no eyewitnesses to the murder and that no other jail inmate witnessed his confession to Jason Gentry (Objections, Doc. No. 5, PageID 49-51). However, the law does not require a case be proved by direct evidence, i.e., eyewitness testimony, nor does it require that jailhouse confessions be witnessed by two people. Rednour claims the "DNA found on Ms. Paradiso did not link the defendant in any way to killing Ms. Paradiso." But he does not deny he deposited his DNA on her breast shortly before someone killed her. That fact, taken with the other circumstantial evidence, Rednour's statements to the police, and his admission to Gentry, was sufficient, particularly under the doubly deferential standard of *Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam*). The Third Ground for Relief should therefore be dismissed with prejudice.

**Ground Four: Prosecutorial Misconduct**

In his Fourth Ground for Relief, Rednour claims the prosecutor committed misconduct in suggesting to the jury that Ms. Paradiso had been sexually assaulted. The Report found there was no misconduct because Rednour's DNA was found on the victim's breast and he admitted sexual assault to Jason Gentry (Report, Doc. No. 3, PageID 22). The Report also found the claim procedurally defaulted because it could have been raised on direct appeal but was not. *Id.*

Rednour objects that the DNA found on the victim's bra was a mixture from which neither he nor the victim could be excluded (Objections, Doc. No. 5, PageID 51). That is not helpful to his case.

Rednour claims his procedural default is excused because he presented the claim of ineffective assistance of appellate counsel to the court of appeals in an application for reopening under Ohio R. App. P. 26(B)(Objections, Doc. No. 5, PageID 51).  He refers to that Application at ¶ 11 of the Petition (Doc. No. 1, PageID 2).  He concedes, however, that the court of appeals denied that application, finding there was not a colorable claim of ineffective assistance of appellate counsel, which is the test for reopening an appeal.  Rednour has not shown how that decision of the court of appeals was an objectively unreasonable application of *Strickland* as it applies to appellate counsel.  Given the evidence of sexual contact between Rednour and Ms. Paradiso, it would not have been ineffective assistance of trial counsel to fail to object to the prosecutor's comment.  Therefore the Fourth Ground for Relief should be dismissed.

**Conclusion**

Upon review in light of the Objections, the Magistrate Judge again concludes the Petition should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 10, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).